UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE JEAN MOSLEY,<br><br>   Plaintiff,<br><br> v.<br><br>WELLS FARGO BANK NA, et al.,<br><br>   Defendants. | Case No. 17-cv-05064-JSC<br><br>**ORDER RE MOTION TO DISMISS AND MOTION TO REMAND**<br><br>Re: Dkt. Nos. 11, 16 |

This dispute concerns an attempt by Wells Fargo Bank, N.A. ("Wells Fargo") and Northwest Trustee Services, Inc. ("Northwest") (together, "Defendants") to initiate foreclosure proceedings against Plaintiff Marlene Jean Mosley. Now pending before the Court are Plaintiff's motion to remand and Defendants' motion to dismiss. (Dkt Nos. 11, 16.) Having reviewed the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiff's motion to remand and GRANTS in part and DENIES in part Defendants' motion to dismiss with leave to amend.

## COMPLAINT ALLEGATIONS

Plaintiff obtained a loan from World Savings Bank in the amount of $492,000, secured by a Deed of Trust recorded against the property. (Complaint ¶ 16.) The beneficial interest under the Deed of Trust was later assigned to Wells Fargo, and Northwest Trustee Services Inc. was substituted as the trustee of the Deed of Trust. (*Id*. ¶ 18.)

Approximately ten years after Plaintiff secured the home loan, Northwest recorded a Notice of Default on the property. (*Id*. ¶ 19.) Plaintiff was never notified of any changes regarding her loan. (*Id*. ¶ 21.) Plaintiff's loan was transferred from one beneficiary to another, without any notification from any parties. (*Id*.)

Sometime before Plaintiff received the Notice of Default, she submitted a loan modification application. (*Id*. ¶ 24.) Plaintiff alleges she was verbally denied the loan modification. (*Id*.) Plaintiff was informed there was a chance she might be able to later apply for a loan modification, her application might be approved, and she would be able to save her home. (*Id*.) Instead, Defendants filed and recorded the Notice of Default. (*Id*.) Defendants breached their duty to provide recourse by failing to notify Plaintiff of default, as required by paragraph 26 and 28 of the Deed of Trust. (*Id*. ¶¶ 78, 79.) Paragraphs 26 and 28 also require the notice to specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given by which the default must be cured; and (d) that failure to cure before the date specified may result in acceleration of the security instrument and sale of the property. (*Id*.) Defendants also breached their duty to review the loan modification documents "fairly and diligently." (*Id*. ¶ 80.)

Three months after the Notice of Default, a notice of trustee sale was recorded. (*Id*. ¶ 19.) Defendants never contacted Plaintiff to discuss her financial situation or options for avoiding foreclosure. (*Id*. ¶ 25.) Plaintiff requested a single point of contact, but none was provided. (*Id*. ¶ 29.)

Plaintiff is an 84 year old woman who has lived on the property at issue since she was a young child. (*Id*. ¶ 22.) Her living expenses are based on her pension, which has been reduced to a lesser amount than her monthly mortgage payments. (*Id*.) Plaintiff takes costly life-maintenance medications and now also has anxiety about losing her home. (*Id*.) Plaintiff seeks general damages, compensatory damages, interest, consequential damages, injunctive relief "prohibiting any further sale of the [s]ubject [p]roperty," equitable injunctive and/or declaratory relief, restitution of profits that Defendants have unfairly obtained, and costs and expenses. (*Id*. at 29.)

## DEED OF TRUST

The Deed of Trust is attached to Plaintiff's complaint as "Exhibit A." (Dkt. No. 1 at 30-46.) It is signed by Plaintiff as the borrower. (*Id*. at 45.) Paragraph 26 concerns the lender's right to accelerate the sums secured by the Deed of Trust. (*Id*. at 42.) The lender has the right to enforce paragraph 26 if the property is sold or if the borrower is not a natural person and a

beneficial interest in borrower is sold or transferred without the lender's prior written permission. (*Id*.) The lender may not, however, require immediate payment in full if such action is prohibited by federal law. (*Id*.) If the lender chooses to exercise paragraph 26 to require immediate payment in full it must give Plaintiff notice of acceleration. (*Id*.)

Paragraph 28 concerns the rights of the lender if Plaintiff breaches her duty to pay the full amount of each regularly scheduled payment or any of the promises in the Deed of Trust. (*Id*. at 43.) If there is a breach, the lender may exercise the power of sale, take action to sell the property, and invoke other remedies as may be permitted under the law. (*Id*.) The lender is not required to give Plaintiff notice of a breach of duty. (*Id*.)

In the Notice of Default, Wells Fargo signed a "declaration of compliance" confirming Plaintiff was contacted to assess her financial situation and explore options for Plaintiff to avoid foreclosure. (*Id*. at 51.)

## PROCEDURAL HISTORY

Plaintiff originally filed this action in Alameda County Superior Court on July 31, 2017. (Dkt. No. 1 at 7.) Wells Fargo filed a notice of removal to federal court on August 31, 2017. (*Id*. at 5.) The notice of removal states in part that "[Wells Fargo] is authorized to represent defendant Northwest Trustee Services, Inc." who "joins in and consents to this removal." (*Id*. ¶ 4.) Ms. Tara Mohseni, Well Fargo's attorney of record, signed the notice of removal. (*Id*. at 5.) The parties subsequently filed the motions at issue.

## DISCUSSION

**I. Defendants' Request for Judicial Notice**

Facts appropriate for judicial notice are those "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of publicly available official information filed with a governmental agency or posted on a governmental website. *See Dudum v. Arn*tz, 640 F.3d 1098, 1102 & n. 6 (9th Cir. 2011) (taking judicial notice of official information posted on a governmental website); *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998–99 (9th

Cir.2010) (taking judicial notice of official information posted on a governmental website, the accuracy of which was undisputed).

Wells Fargo requests that the Court take judicial notice of four documents: (1) Wells Fargo's articles of incorporation; (2) a document entitled "National Banks Active as of 8/31/2017" published on the U.S. Department of Treasury website; (3) a business search of the Secretary of State of California regarding Northwest's registration as a foreign corporation in California; and (4) the statement of information for Northwest filed in the office of the Secretary of State of California. Wells Fargo's request for judicial notice is granted as the accuracy of Wells Fargo's articles of incorporation and Northwest's statement of information are not in question. Furthermore, the document reflecting active national banks and Northwest's registration with the State of California consists of information posted on a governmental website whose accuracy is not disputed.

## II. Motion to Remand

Plaintiff moves to remand to Alameda County Superior Court. She argues diversity jurisdiction fails because: (1) Defendants and Plaintiff are citizens of California, (2) the amount in controversy is not greater than $75,000, and (3) consent was not obtained from all defendants to remove the action.

A district court must remand a removed action "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

In federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity of citizenship" when the amount in controversy exceeds $75,000. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendants removed on the grounds of diversity jurisdiction. To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000. 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from

4

each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.),* 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331.

### A. Citizenship

Plaintiff argues that diversity jurisdiction fails because both Defendants and Plaintiff are citizens of California. Plaintiff is incorrect.

The test for citizenship of a national banking association is the location of its main office as designated in its articles of incorporation. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006); *Rouse v. Wachovia Mort., FSB*, 747 F.3d 707, 712 (9th Cir. 2014). Wells Fargo is a national banking association with its main office, as designated in its articles of association, in Sioux Falls, South Dakota. (Dkt. No. 22-1 at 2.) As such, Wells Fargo is a citizen of South Dakota, not California. Moreover, Northwest is a Washington corporation with its principal place of business in Washington. (Dkt. No. 22-3 at 2.) Therefore, Northwest is a citizen of Washington. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located). It is undisputed that Plaintiff is a citizen of California. As such, there is complete diversity between Plaintiff and Defendants. *See Diaz*, 549 F.3d at 1234.

### B. Amount in Controversy

Plaintiff also argues the amount in controversy is not greater than $75,000. "Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.,* 231 F.3d 1129, 1131 (9th Cir. 2000). Here, Plaintiff alleges she obtained a loan from Wells Fargo in the amount of $492,000 to purchase a home. Plaintiff further alleges Defendants never offered Plaintiff the opportunity to modify the loan before initiating foreclosure proceedings, in violation of the Note and Deed of Trust. Because Plaintiff seeks injunctive relief, the value of the object of the litigation determines the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, the object in litigation is the property because Plaintiff seeks injunctive relief to prohibit "any further sale of the [s]ubject [p]roperty." The property is more likely than not worth at least $492,000, the amount of money loaned to Plaintiff to purchase the home, and therefore satisfies the amount-in-controversy requirement. *See*

5

*Chapman v. Deutsche Bank National Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); *see also Rosell v. Wells Fargo Bank, N.A.*, No. 12-CV-06321-JD, 2014 WL 4063050, at *2 (N.D. Cal. Aug. 15, 2014) ("Because the 'object in litigation' is the Rosells' mortgage, and the amount of the mortgage is approximately $1,045,000, the amount in controversy exceeds the required $75,000, and jurisdiction is therefore proper.")

### C. Consent

Plaintiff's assertion that Wells Fargo did not obtain consent from Northwest before removing the case is unfounded. "The filing of a notice of removal can be effective without individual consent documents on behalf of each defendant." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). "One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Id*. Wells Fargo's notice of removal states "[Wells Fargo] is authorized to represent defendant Northwest Trustee Services, Inc. joins in and consents to this removal." (Dkt. No. 1 ¶ 4.) The notice of removal was signed by Ms. Tara Mohseni, Wells Fargo's attorney of record. (*Id*. at 5.) Nothing further was required.

Accordingly, Defendants have met their burden of showing the requirements of diversity jurisdiction are met. Plaintiff's motion to remand to Alameda County Superior Court is denied.

### III. Motion to Dismiss

Plaintiff makes claims under the California Homeowner Bill of Rights, as well as common law claims. Wells Fargo moves to dismiss pursuant to Rule 12(b)(6) arguing Plaintiff fails to allege sufficient facts to show: (1) violation of California Civil Code Section 2923.55, (2) violation of California Civil Code Section 2923.7, (3) breach of contract and the implied covenant of good faith and fair dealing, (4) negligence, (5) negligent infliction of emotional distress, and (6) violation of California Business and Professions Code Section 17200.

### A. Homeowners Bill of Rights Claims

Plaintiff makes claims under California Homeowners Bill of Rights, Civil Code section 2923.55 (first cause of action), 2923.6 (second cause of action), 2923.7 (third cause of action) and 2924.12 (fourth cause of action). Civil Code section 2924.12 provides a private cause of action

6

for violations of these statutes. In particular, a plaintiff may recover the following remedies:

> (a) (1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6. 2923.7 . . .,
>
> (b) After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7 . . . by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale.

Cal. Civ. Code § 2924.12. Wells Fargo moves to dismiss the section 2923.55 and 1923.7 claims for failure to state a claim.

### 1. California Civil Code Section 2923.55

Under California Civil Code § 2923.55, a beneficiary or authorized agent must contact the borrower

> in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgage servicer shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

Cal. Civ. Code § 2923.55(b)(2). Further, the beneficiary or agent cannot record a notice of default until thirty days have passed from the time they made the contact with the borrower. *Id.* at subs. (a)(2).

Plaintiff alleges that Wells Fargo did not make the required telephone contact with her. (Complaint ¶ 38.) Wells Fargo nonetheless argues that because Plaintiff alleges that her "request for loan modification was verbally denied" before Defendants filed the Notice of Default, as a matter of law Wells Fargo did comply with section 2923.55. Wells Fargo does not explain how verbally denying a loan modification satisfies as a matter of law the specific conversation it was

required to have with Plaintiff. Given that all reasonable inferences must be drawn in Plaintiff's favor, this argument fails.

Next, Wells Fargo argues that Plaintiff has not alleged a "material" violation of the statute as is required to obtain any remedy. *See* Cal. Civ. Code § 2924.12(a)(1). Wells Fargo ignores the Complaint's allegations. Plaintiff alleges that as a result of Wells Fargo's failure to comply with the statute, Plaintiff "was deprived of the opportunity to pursue foreclosure prevention alternatives she would have qualified for had the Defendants contacted her . . . ." (Complaint ¶ 40.) Wells Fargo has not met its burden of showing the claim must be dismissed.

### 2. California Civil Code Section 2923.7

Under Section 2923.7, "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). The single point of contract ("single contact") is responsible for ensuring the borrower is adequately and timely assisted, such as communicating the process, coordinating the receipt of documents, notifying the borrower if any documents are missing, and adequately informing the borrower the status of foreclosure prevention alternative. *Id*. at subs. (b)(1)-(5). This provision is specifically "intended to prevent borrowers from being given the run around, being told one thing by one bank employee while something entirely different is being pursued by another." *Jolley v. Chase Home Finance, LLC*, 213 Cal.App.4th 872, 905 (2013).

Plaintiff adequately pleads that she requested a single contact but was not provided one. (*Id*. ¶ 29.) Accordingly, Plaintiff has offered sufficient facts to support a violation of California Civil Code Section 2923.7. *See Johnson v. PNC Mortgage*, 80 F.Supp.3d 980, 987 (N.D. Cal Feb. 12, 2015) (concluding plaintiffs sufficiently pled a violation of Section 2923.7 because no one was responsible for discharging the numerous duties that HBOR requires a SPOC to fulfill and the bank did not assign plaintiffs a "true single point of contact").

Wells Fargo next argues that Plaintiff has not alleged that the failure to provide a single contact was material. As recited above, Plaintiff may obtain injunctive or monetary relief only for

8

"material" violations of section 2923.7. Cal. Civ. Code § 2924.12(a)(1). Plaintiff does not address this argument. Accordingly, the section 2923.7 claim is dismissed for failure to plead a material violation with leave to amend.

**B.     Common Law Claims**

    **1.     Breach of Contract and the Covenant of Good Faith and Fair Dealing**

Wells Fargo argues Plaintiff's breach of contract and the covenant of good faith and fair dealing claims fail because Plaintiff has not alleged sufficient facts to show she performed her obligation under the Deed of Trust or that Wells Fargo in fact breached the contract.

A claim for breach of contract exists when there is: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall Street Network, Ltd. v. New York Times Company*, 164 Cal.App.4th 1171, 1178, (2008). "[E]very contract imposes upon the contracting parties the duty of good faith and fair dealing." *Price v. Wells Fargo Bank,* 213 Cal.App.3d 465, 478 (1989). "If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. S. Pac. Transp. Co.,* 166 Cal.App.3d 452, 459 (1985).

Wells Fargo asserts that Plaintiff's contract claim is deficient because Plaintiff's default on her loan payments shows her failure to perform under the Deed of Trust. Wells Fargo also argues that Plaintiff fails to allege Wells Fargo breached the Deed of Trust because Defendants recorded a notice of default and there was no obligation to send a subsequent notice regarding acceleration because Plaintiff never alleged Wells Fargo accelerated the loan. Plaintiff responds that paragraphs 26 and 28 of the Deed of Trust required Defendants to give Plaintiff notice of Plaintiff's default and intent to accelerate and that the notice must specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given by which the default must be cured; and (d) that failure to cure before the date specified may result in acceleration of the security instrument and sale of the property. Plaintiff alleges she never received this notice.

Plaintiff fails to plead sufficient facts to support her breach of contract claim. Paragraph

9

26 and 28 do not contain language requiring Defendants to provide a notice of default to Plaintiff nor do these paragraphs specify what is required in a notice default. Paragraph 26 concerns acceleration of payment of sums secured. Paragraph 28 concerns the rights of the lender if there is breach of a duty. Neither clause includes the language Plaintiff alleges. Moreover, Wells Fargo was not obligated to provide notice of acceleration because Plaintiff has not pled any facts that plausibly suggest that Wells Fargo in fact accelerated the loan.

Wells Fargo's argument that Plaintiff's contract claim is deficient because Plaintiff's default on her loan payments shows her failure to perform under the Deed of Trust is unpersuasive. Both parties have obligations and rights under the Deed of Trust. Had the Deed of Trust required Defendants to provide Plaintiff with a notice of default, Defendants would have been obligated to provide that notice. Otherwise, such a clause would be superfluous. In any event, paragraph 28 states "Lender does not have to give [Plaintiff] notice of a breach of duty."

Accordingly, Plaintiff breach of contract and breach of the implied covenant of good faith and fair dealing claims are dismissed with leave to amend.

**2. Negligence**

Wells Fargo argues Plaintiff's negligence claim fails because Wells Fargo does not owe Plaintiff a duty of care, and even if it did Plaintiff fails to allege sufficient facts to show Wells Fargo breached that duty.

"To prevail on [a] negligence claim, plaintiffs must show that [defendants] owed them a legal duty, that [they] breached the duty, and that the breach was a proximate or legal cause of their injuries." *Merrill v. Navegar, Inc.,* 26 Cal.4th 465, 477 (2001). "A loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Superior Court of San Diego Cnty.,* 145 Cal.App.4th 453, 466 (2006). Moreover, "California Courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust." *Heritage Oaks Partners v. First Am. Title Ins. Co.,* 155 Cal.App.4th 339, 345 (2007).

California Courts are split on whether a loan servicer owes a duty of care to handle loans in such a way to prevent foreclosure and forfeiture of property. *See Lueras v. BAC Home Loans*

10

*Servicing, LP*, 221 Cal. App. 4th 49, 67–78 (2013) (holding no duty of care); *Alvarez v. BAC Home Loans Servicing*, 228 Cal. App. 4th 941 (2014) (holding loan servicer owed duty of care). Several federal district courts in California agree with *Lueras* that there is no common law duty of care by a servicer with regards to the key functions of a money lender. *See, e.g., Benson v. Ocwen Loan Servicing, LLC*, 562 Fed. Appx. 567, 569–70 (9th Cir. 2014) (concluding the lender did not owe borrower a common law duty of care); *Williams v. Wells Fargo Bank, N.A.*, 2014 WL 1568857, at *7 (C.D. Cal. 2014) ("The Court concludes in accordance with the line of cases holding that loan modification—a renegotiation of the loan's terms—is so related to 'the key functions of a money lender' as to not give rise to an enforceable duty of care to the borrower."); *Griffin v. Green Tree Servicing, LLC*, 2015 WL 10059081, at *14 (C.D. Cal. Oct. 1, 2015) ("The court agrees with the California Court of Appeal in *Lueras* and the Ninth Circuit in *Benson* and *Deschaine* that there is no principled way to distinguish the process of applying for an original loan from the process of applying for a loan modification; both involve activities clearly within the conventional role of mere lenders of money"); *Marques v. Wells Fargo Bank, N.A.*, 2016 WL 5942329, at *8 (N.D. Cal. Oct. 13, 2016) ("The Court agrees and finds the reasoning in *Lueras* more persuasive in finding that mortgage servicers do not owe borrowers a duty of care in the processing of loan modification applications").

Plaintiff's opposition ignores Wells Fargo's argument and makes no attempt to address the duty question. The Court will follow the Ninth Circuit's guidance in *Benson* and conclude that Wells Fargo did not owe Plaintiff a common law duty of care on the facts alleged. However, even if Wells Fargo did owe Plaintiff a duty of care, Plaintiff failed to plead sufficient facts to show that duty of care was breached. Plaintiff alleges that Wells Fargo's failure to notify Plaintiff of default, as stated in paragraph 26 and 28 in the Deed of Trust, constituted a breach of their duty to provide recourse. (Complaint ¶¶ 78, 79.) Plaintiff also alleges Wells Fargo breached its duty to "fairly" review the loan modification documents. (*Id.* ¶ 80.) However, as stated above, the Deed of Trust did not require Wells Fargo to provide Plaintiff a notice of default. In fact, paragraph 28 states the exact opposite, that no notice is required. And while Plaintiff's modification application was denied over the phone, Plaintiff has not pled sufficient facts to show that the loan modification

11

application required a certain level of review and that the standard was not met. *See Alvarez*, 228 Cal.App.4th at 945 (concluding plaintiffs sufficiently pled that defendants breached of duty by stating defendants "(1) fail[ed] to review plaintiffs' applications in a timely manner, (2) foreclos[ed] on plaintiffs' properties while they were under consideration for a HAMP modification and (3) mishandl[ed] plaintiffs' applications by relying on incorrect information".)

Accordingly, even if the Court were to conclude that Wells Fargo owed Plaintiff a duty to provide notice or a duty regarding the loan modification application, Plaintiff fails to plead breach of those duties. As such, Plaintiff's negligence claim is dismissed with leave to amend.

### 5. Negligent Infliction of Emotional Distress

Wells Fargo argues Plaintiff has not alleged sufficient facts to support her negligent infliction of emotional distress ("NIED") claim because she alleges no impact or physical injury, but instead only economic loss. Plaintiff, again, simply ignores Defendants' arguments.

NIED is not a separate tort; it is a form of negligence to which the elements duty, breach, causation, and damages apply. *Baker v. Fox & Associates*, 240 Cal.App.4th 333, 356-357 (2015); *Griffith v. Bank of Am., N.A.,* No. CV–11–5867 PA (FFMx), 2011 WL 6849048, at * 9 (C.D.Cal. Dec. 13, 2011). As explained in the context of the negligence claim, Plaintiff has not sufficiently alleged that Defendants owed her a duty that was breached.

Accordingly, Plaintiff's NIED claim is dismissed without to leave to amend. If Plaintiff succeeds on her negligence claim, she can receive compensation for emotional distress if legally available.

### 6. California Business and Professions Code Section 17200

Wells Fargo argues Plaintiff fails to plead sufficient facts to support a claim under California Business and Professions Code Section 17200 because Plaintiff has not suffered any economic loss caused by the unfair competition she challenges and therefore lacks standing to bring the claim.

To state a claim for unfair competition pursuant to California Business and Professions Code § 17200, a plaintiff must allege an "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To

12

have standing to bring suit pursuant to § 17200, a plaintiff must "make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition" *Peterson v. Cellco Partnership,* 164 Cal.App.4th 1583, 1590 (2008). The UCL's "'lost money or property' requirement ... requires a plaintiff to demonstrate 'some form of economic injury' as a result of his transactions with the defendant.'" *Hinojos v. Kohl's Corp.,* 718 F.3d 1098, 1104 (9th Cir. 2013) (*citing Kwikset Corp. v. Superior Court,* 51 Cal.4th 310, 320 (2011)). If no foreclosure sale has taken place, plaintiff cannot show financial loss. *Gieseke v. Bank of Am., N.A.*, No. 13-CV-04772-JST, 2014 WL 718463, at *6 (N.D. Cal. Feb. 23, 2014).

The Court agrees that Plaintiff has not pled sufficient facts to support her California Business and Professions Code Section 17200 claim. Plaintiff has not alleged financial loss as no foreclosure sale has taken place. *See Gieseke*, 2014 WL 718463 at *6. Her response that because she has alleged a violation of the Homeowners Bill of Rights she has shown standing may show constitutional Article III standing, but it does not plausibly allege the loss of money or property. Further, Plaintiff alleges Defendants' "acts and omissions" constituted unfair competition but fails to allege what those unfair acts or omissions are. Plaintiff's failure to plead a viable predicate violation "is fatal" to a theory of unfair competition. *See id*.

Accordingly, Plaintiffs claim for California Business and Professions Code Section 17200 is dismissed with leave to amend.

## CONCLUSION

As Defendants have met their burden of showing that removal was proper on diversity jurisdiction grounds, Plaintiff's motion to remand is DENIED. Wells Fargo's motion to dismiss is granted in part and denied in part as follows: the Civil Code 2923.7, breach of contract, breach of implied covenant, negligence, and UCL claim are dismissed the leave to amend, the negligent infliction of emotion distress claim is dismissed without leave to amend, and the motion to dismiss the section 2923.55 claim is denied. If Plaintiff wishes to file an amended complaint she shall do so on or before November 29, 2017; otherwise, the case will proceed on the remaining causes of action.

The hearing scheduled for November 16, 2017 is VACATED.

This Order disposes of Docket Nos. 11 and 16.

**IT IS SO ORDERED.**

Dated: November 15, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge